CURETON v. WESTFIELD.

SAME v. STOKES.

1. Notice of taxation of costs may be given by the clerk of court as well as by the attorneys of the prevailing party.
2. Costs of clerk and sheriff when not paid by the attorneys are not strictly speaking disbursements, and being charged as due to the several officers, they need not be verified by affidavit nor certified to by the officers claiming.
3. Disbursements proper—as necessary express charges—should not be allowed unless verified.
4. Exception in these words: "Because the taxation of costs by the clerk was in excess of the amounts allowed by law, for instance in charge for reference on costs and others, as will appear on inspection of notice of taxation of costs"—is too general, and cannot be considered except as to the specific error mentioned.
5. The adjustment of costs by the clerk is not a reference, and no charge for it as such can be allowed.

Before PRESSLEY, J., Greenville, April, 1885.

The opinion states the cases.

*Mr. E. F. Stokes,* for appellants.

*Messrs. Wells & Orr,* contra.

March 24, 1886.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   These two cases, involving similar questions, were heard and will be considered together.   On

February 18, 1885, the attorney for the defendants in each of above cases was served with a notice signed by the clerk, and not by the attorneys for the plaintiff, that the costs in said cases would be adjusted at his office on February 20, 1885, "in accordance with the taxation herein made;" and each notice was accompanied with an itemized bill of costs due to plaintiff's attorneys, clerk, and sheriff, together with an affidavit in each case of one of the attorneys for the plaintiff that he had paid the sums therein specified for printing arguments for the Supreme Court. On the same day defendants' attorney served the clerk and the attorneys for the plaintiff with the following exceptions: "1st. Because the proposed taxation of costs herein is excessive in amount. 2d. Because the costs are not itemized and sworn to in accordance with the provisions of the code of procedure. 3d. Because the notice of taxation of costs is irregular and not according to law, and the defendants will move the Circuit Court to set aside the same." The defendants' attorney, however, failed to appear at the clerk's office at the time appointed and no further objection being made, other than the exceptions above set out, the clerk adjusted the costs in the one case at the sum of $141.30 and in the other at $145.05.

After hearing argument of counsel the Circuit Judge granted an order affirming the taxation of costs as made by the clerk, "except the two items of ten dollars (one in each case) inserted by the clerk for motion for judgment." From this order defendants appeal, upon the following grounds: "I. Because the presiding judge ruled that the notice of taxation before the clerk was sufficient. II. Because the presiding judge ruled that costs and disbursements need not to have been more particularly itemized or verified than appeared in the notice served on defendants' attorneys. III. Because the taxation of costs by the clerk, affirmed by the presiding judge, was in excess of the amounts allowed by law; for instance, in charge for reference on costs, and others, as will appear on inspection of notice of taxation of costs. IV. Because the clerk's and sheriff's costs are not even certified to by these officers respectively."

The first ground is based upon the idea that the notice of the adjustment of costs should have been given by the attorneys and

not by the clerk. Section 326 of the Code simply requires that the notice shall be given, but does not specify by whom ; and in the absence of any such provision in the statute we cannot say that there was any error in the clerk signing the notice. The object designed was attained, as is shown by the fact that the defendants' attorney filed exceptions on the day appointed by the notice, although he did not see proper to appear and support his exceptions.

The second and fourth grounds may be considered together. From an inspection of the bills of costs as set out in the "Case," it appears that nothing was charged therein as disbursements, strictly speaking, except the amount paid for printing argument for Supreme Court, which was verified by the oath of the attorney who paid the same, and the amount (twenty-five cents) paid express charge on settlement of case, which does not seem to have been verified. All the other items appear to be items of costs, due to the several officers of court, fixed by law, and which could not be properly charged as disbursements unless paid out by plaintiff, and which could not be verified as such. When charged as due to the several officers there can be no necessity for any verification, as the amounts are fixed by law, and their correctness can better be determined by a comparison of the record with the items as fixed by the statute than by an affidavit which could only state the facts as there found.

It is true that the theory of the law is that the fees of the clerk and sheriff are paid by the party who calls their services into requisition at the time the services are performed, and when that is done the fact of such payment should be verified by affidavit, as these fees then become disbursements, strictly speaking. But when this is not done, as is very often the case, then the fact of such payment could not be verified, and these fees cannot properly be classed as disbursements, but may be taxed as costs due to the several officers. *Lewis* v. *Brown*, 16 *S. C.*, 58. Nor do we see any necessity in such a case that these fees should be "certified to" by these officers, and we know of no law requiring such certificate. There is nothing, therefore, in either of these grounds except as to the small item of twenty-five cents above

referred to, which could not be allowed as a disbursement without verification and which must, therefore, be disallowed.

The only remaining ground is the third, which is of such a general character, except in one particular, that it cannot be considered. The province of this court is simply to consider such errors of law as are specified in exceptions properly taken. It will be observed that both in the exceptions filed with the clerk and in the grounds of appeal there is a singular absence of any specifications of error except in the single instance of the charge for reference on costs. Respondent has a right to be advertised of the specific errors alleged by appellant in order that he may come prepared to meet them, and unless this is done this court cannot undertake to consider them. A mere general charge that the taxation of costs "was in excess of the amounts allowed by law" is certainly insufficient, for that indicates no specific error and would involve the necessity of going over the bill of costs, item by item, to ascertain whether the charge was well founded. The fact that counsel for appellant has, *in his argument*, undertaken to supply this defect in his exceptions cannot avail him, for the argument, as we have had occasion frequently to say, can only be based upon the record as prepared for argument here. As we have said, however, there is one specification of error in the third ground of appeal which is properly before us for consideration, and that is as to the charge for a reference on costs. This charge cannot be allowed. The adjustment of costs by the clerk is not a reference, and no charge for it as such can be allowed.

The judgment of this court is, that the order appealed from, except as herein modified, by disallowing the charge of twenty-five cents for express charges on settlement of the case in the second case, and the charge for reference on costs in both of the cases, be affirmed.